## PHELAN v CLEVELAND (City)

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10639. Decided April 21, 1930

Louis Fernberg, Cleveland, for Phelan.
Fred A. Garmone, Cleveland, for City.

SULLIVAN, J.

The claim is made by counsel for plaintiff in error that the record is insufficient to show, under the rules of criminal law, that the plaintiff in error was the driver of the vehicle at the time of the commission of the offense. The automobile in which he was riding had been in two accidents wtihin a short time prior to the arrest. Evidence of a credible nature was adduced at the trial to show that he not only admitted to the officers that he was the driver but a witness who was called on behalf of the city testified that at the second accident which occurred several hundred feet away from the first accident, that the plaitiff in error was found behind the driving wheel of the automobile, and in connection with this it appears that he, himself, was the owner of the automobile.

There is evidence also on the part of the officers that after arrest and on the way to the station he admitted that he was the driver of the car, and this was again repeated, according to the testimony of another witness at the police station, after plaintiff in error arrived at the destination to which he was taken by the policeman.

It is true, however, that the plaintiff in error claimed by the record that on his way to the station, while under arrest, he denied that he was the driver but in the absence of any testimony denying the testimony just noted, it is our judgment that the question as to whether he was the driver of his own machine at the time of the commission of the offense, was one for the jury, and that tribunal was justified in taking into consideration the fact that the plaintiff in error did not take the stand to deny these accusations, and this, since the amendment to the constitution, making the absence of any denial on the part of the accused, a proper subject for discussion before the court and jury, is very significant because its effect, in the absence of denial under charges, is that of corroboration of the witnesses for the prosecution.

It is urged that the reason the plaintiff in error did not take the stand was because a city fireman was in the machine with him and in control of the car and sitting at the driving wheel but this is not a sufficient explanation of the absence of plaintiff in error on the witness stand while under fire. It reduces itself to a minimum of consideration because it appears that he did not know the name of the fireman, nor where he was located and such a situation is contrary to the principle of self-preservation of which the plaintiff in error could have taken advantage to save himself, and such a status would only appear justifiable with an explanation that would show such a motive as would make it necessary to refrain from taking the witness stand. No such circumstance appears in the case. If the city fireman was an actuality, the strong presumption is that the plaintiff in error would have taken the witness stand and given the prosecution, the court and the jury the opportunity to declare his innocence by a verdict of acquittal. Therefore upon the question as to whether the plaintiff in error was the driver, we have come to the conclusion that there is credible evidence of sufficient strength, applying the rules of criminal law, to sustain the conviction and a reviewing court in the face of such a record is not warranted in deciding the facts different from the interpretation given the evidence by the jury.

On the question as to whether plaintiff in error was intoxicated, we find from the testimony of the officers that he smelled of intoxicating liquor and that he acted as if he had been drinking, and one of the witnesses who was at the scene of the accident and who testified that he saw plaintiff in error at the wheel of the machine, related on the witness stand that he not only smelled of intoxicating liquor but that he staggered, and this testimony is corroborated by other credible evidence in the case and the two accidents occurring at close intervals lend corroboration to the credibility of the testimony with respect to whether the plaintiff in error was driving while intoxicated.

It is true that the offense is driving while intoxicated and this must be shown under the rules of criminal law by evidence which appears to be upon the record, that would establish guilt beyond the existence of a reasonable doubt. The only way a reviewing court can ascertain whether the evidence went to this degree is from the face of the record and that, upon examination, appears to be strong enough to destroy the hypothesis of innocence which is the foundation for the creation of a reasonable doubt. The mere smell of liquor is not sufficient to convict of an offense under the ordinance but it is necessary to show intoxication and that means that to some degree at least the faculties necessary to the exercise in the case of driving an automobile are impaired to such a degree that it can be said that the party accused was not in the full possession and control of his faculties. Any impairment to a substantial degree would mean intoxication because it is the intoxication which is the cause and source of the impairment of the faculties.

Holding these views, the judgment of the lower court is hereby affirmed.

Vickery P. J. and Levine J. concur.